Jason Kuller, NV Bar No. 12244
Rachel Mariner, NV Bar No. 16728
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Tel: (725) 245-6056
Fax: (725) 220-1802
jason@rafiilaw.com
rachel@rafiilaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIMBERLY HILL, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAKE A BREAK TRAVEL, LLC, a foreign limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS & COLLECTIVE ACTION**<br><br>COLLECTIVE ACTION COMPLAINT FOR:<br><br>1) Failure to Pay Overtime in Violation of the FLSA, 29 U.S.C. § 207;<br><br>CLASS ACTION COMPLAINT FOR:<br><br>2) Failure to Pay Overtime in Violation of NRS 608.018;<br><br>3) Failure to Pay Minimum Wages in Violation of NRS 608.260;<br><br>4) Failure to Pay Minimum Wages in Violation of Nev. Const. Art. XV § 16;<br><br>5) Failure to Pay Wages for Each Hour Worked in Violation of NRS 608.016; and<br><br>6) Failure to Pay All Wages Due and Owing in Violation of NRS 608.020-050.<br><br>**JURY TRIAL DEMANDED** |



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

Plaintiff Kimberly Hill, on behalf of herself and all others similarly situated, alleges as follows:

1. This is a class and collective action for unpaid wages and minimum wages, unpaid overtime, liquidated damages, attorneys' fees, costs, and interest under Nevada Revised Statutes ("NRS") Chapter 608 and the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*

2. All allegations in this Complaint are based on information and belief except for those allegations pertaining specifically to Plaintiff, which are based on Plaintiff's personal knowledge.

3. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## PARTIES

4. Defendant TAKE A BREAK TRAVEL, LLC ("Take A Break," "Company," or "Defendant") is a Florida limited liability company with its principal address and corporate headquarters in Las Vegas, Nevada. Defendant previously did business as Take A Break Travel, Inc.

5. As "the largest vacation ownership [*i.e.*, timeshare] marketing company in North America," Take A Break is a self-proclaimed "leader in the travel industry, providing exciting vacation packages and travel experiences to families at exceptional pricing."

6. According to its website, Take A Break has been a "licensed seller of travel for over 25 years" and has "helped over 750,000 satisfied families travel to the top tourist destinations in the country."

7. Take A Break is licensed or registered to do business in Nevada, Florida, California, Washington, Pennsylvania, and New Jersey, among other states. Until December 14, 2024, Take A Break was also registered to do business in Utah.

8. Despite operating in multiple states, Take A Break touts its "centralized approach" to ensure, among other things, "adherence to local regulations."

9. Take A Break employs approximately 375 sales and marketing "associates" nationwide, including Greeters, Outside Public Contacts ("OPCs"), reception staff, customer service agents, sales agents, and reservationists.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

10.    Plaintiff KIMBERLY HILL is a natural person who, within the last four years, has been employed by Take A Break as a non-exempt hourly employee in Clark County, Nevada.

11.    "FLSA Class Members" are all current and former hourly workers employed by Take A Break in the United States within three years before the filing of this complaint until the date of judgment in this action (the "FLSA Class Period") who earn or earned non-discretionary bonuses, commissions, or other incentive pay (collectively "Bonus Pay").

12.    "Nevada Class Members" are all current and former hourly workers employed by Take A Break in the State of Nevada within four years before the filing of this complaint until the date of judgment in this action (the "Nevada Class Period") who earn or earned Bonus Pay.

13.    "Nevada Minimum Wage Subclass Members" ("Nevada Subclass Members" or "Subclass Members") are all Nevada Class Members employed by Take A Break in the State of Nevada on or after July 1, 2022, until the date of judgment in this action (the "Nevada Subclass Period").

14.    FLSA Class Members, Nevada Class Members, and Nevada Subclass Members are collectively referred to herein as "Class Members."

15.    The identities of Does 1-50 ("Doe Defendants") are unknown at this time and this Complaint will be amended at such a time when Plaintiff learns of their true identities.  Plaintiff is informed and believes that each of the Doe Defendants is responsible in some manner for the acts, omissions, or representations alleged herein.  .

16.    Any reference in this Complaint to "Defendant," "Defendants," "Doe Defendants," or "Take A Break" shall mean "Defendants and each of them."

## JURISDICTION AND VENUE

17.    Plaintiff incorporates and realleges all paragraphs above.

18.    The Court has jurisdiction over Plaintiff's FLSA overtime claims pursuant to 29 U.S.C. § 216(b), which states:  "An action to recover the liability prescribed … may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

19.    Because Plaintiff's FLSA claims arise under federal law, the Court has federal question jurisdiction pursuant to 28 U.S.C §1331.

20.    In addition, the Court has supplemental jurisdiction over Plaintiff's Nevada state-law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same common nucleus of operative fact as Plaintiff's FLSA claims concerning Defendant's unlawful treatment of Plaintiff and other similarly situated employees.  Plaintiff's FLSA and Nevada wage claims thus form part of the same case and controversy.

21.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resided and worked for Defendant within this judicial district, Defendant maintains its principal place of business in this judicial district, and the events and omissions giving rise to Plaintiff's claims occurred within this judicial district.

## FACTUAL ALLEGATIONS

22.    Plaintiff incorporates and realleges all paragraphs above.

23.    Plaintiff began employment with Take A Break as a "Greeter" on or around April 25, 2022.  She continued in this role until approximately May 12, 2023.

24.    In her role as Greeter, Plaintiff was required to "greet" strangers in or around various Las Vegas hotel properties and attempt to interest them in Take A Break's promotional offers and timeshare presentations.

25.    The Greeter position is essentially in-person cold calling.

26.    A successful Greeter will invite and bring her marks (called "guests") to a Take A Break marketing representative located nearby.

27.    The marketing representative, in turn, will offer "premium gifts" to the guests for their time to attend a timeshare presentation and tour the resort.

28.    Plaintiff's base rate of pay when hired was **$17.00 per hour**.  Take A Break continues to recruit new employees as Greeters with the promise of $17.00 per hour.

29.     After just two weeks, however, Take A Break cut Plaintiff's hourly rate to **$8.75 per hour**, which was the Nevada minimum wage rate in effect at the time.  The $8.75 hourly rate started with Plaintiff's pay period beginning May 16, 2022, and continued until her final paycheck

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

on May 12, 2023.

30.     Starting on July 1, 2022, however, the Nevada minimum wage rate increased to ***$9.50 per hour*** for employers offering qualifying health benefits (or $10.50 per hour without health benefits).  Hence from July 1, 2022, until Plaintiff's last date of employment with Take A Break, Defendant paid Plaintiff less than the Nevada minimum wage rate of $9.50 per hour.

31.     Furthermore, there were at least four workweeks during Plaintiff's employment in which Defendant deducted $12.50 from her wages in order to reimburse itself for the cost of creating a new Take A Break name tag for Plaintiff.  These name tags were not usable by Plaintiff at any other place of employment and were created when Plaintiff was assigned to a new hotel property. Each of these $12.50 deductions reduced Plaintiff's wage rate below or even further below the mandated minimum wage rate.

32.     In addition to paying an hourly wage (at or below the Nevada minimum wage rate), Take A Break also compensated Plaintiff and Class Members with Bonus Pay to incentivize work performance and productivity.

33.     Plaintiff earned Bonus Pay in practically every single pay period.

34.     However, in those workweeks where Plaintiff worked more than 40 hours, Defendant failed to include all Bonus Pay in the regular rate of pay for purposes of calculating and paying overtime.

35.     For example, during the workweek from April 10 to 16, 2023, Plaintiff worked 42 hours, which included 2 hours of overtime.  A copy of Plaintiff's paystub from that pay period is attached to this Complaint as **Exhibit A** (hereinafter "Paystub").

36.     As shown on the Paystub, Plaintiff's hourly rate during that pay period was $8.75 per hour, totaling $350 for 40 hours – below the Nevada state minimum wage rate.  *See* Ex. A ($142.19 + $122.50 + $85.31 = $350.00).

37.     In addition, Plaintiff earned $991.90 in Bonus Pay.  *See id.* ($15 + $15 + $340 + $255 + $300 + $60 + $6.90 = $991.90).

38.     Defendant also deducted $25 in Bonus Pay, presumably clawing back Bonus Pay that had already been paid in previous pay periods.  *See id.* (deducting $15 + $5 + $5 = − $25).

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

39.     Even assuming the legitimacy of this deduction, Plaintiff earned $966.90 in Bonus Pay during that pay period. *See id.* ($991.90 – $25 = $966.90).

40.     Adding back Plaintiff's $350 in hourly wages yields total earnings of $1316.90 for that pay period. *See id.* ($966.50 + $350 = $1316.90.)  Dividing this amount by 42 hours yields a regular rate of $31.35 and an overtime rate of $47.03.  Multiplied by 2 hours of overtime equals $94.06 in overtime wages.  According to the Paystub, however, Defendant paid Plaintiff only $49.10 for 2 hours of overtime – a shortfall of $44.96 for this one pay period. *See id.*

41.     Defendant's overtime calculation is based on an overtime rate of $24.55 per hour, which equates to a regular rate of $16.37 – almost half the $31.35 regular rate calculated above. This regular rate, in turn, equates to total earnings of $687.54 ($16.37 x 42), which means that Defendant added only $337.54 in Bonus Pay to Plaintiff's hourly earnings of $350 for purposes of calculating the regular rate and overtime.

*42.*     Defendant thus failed to include at least $629.36 of Bonus Pay earned that pay period into Plaintiff's regular rate and overtime pay. *See id.*  Nor is it apparent how Defendant arrived at the arbitrary Bonus Pay amount of $337.54 for purposes of calculating the regular rate and overtime. *See id.*

*43.*     All of Defendant's paystubs fail the basic purpose of a paystub to show employees how their pay was calculated – accurately and completely.

44.     In addition to weekly overtime pay, Plaintiff and Nevada Class Members were also entitled to daily overtime pay during those pay periods in which they were paid less than 1 ½ times the applicable minimum wage rate in Nevada.

45.     From July 1, 2020, until June 30, 2021, the threshold for earning daily overtime in Nevada was being paid less than $12 per hour (or $13.50 per hour without qualifying health benefits).

46.     From July 1, 2021, until June 30, 2022, the threshold for earning daily overtime was being paid less than $13.125 per hour (or $14.625 per hour without qualifying health benefits).

47.     From July 1, 2022, until June 30, 2023, the threshold for earning daily overtime was being paid less than $14.25 per hour (or $15.75 per hour without qualifying health benefits).

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

48.    From July 1, 2023, until June 30, 2024, the threshold for earning daily overtime was being paid less than $15.375 per hour (or $16.875 per hour without qualifying health benefits).

49.    From July 1, 2024, and onward, the threshold for earning daily overtime is being paid less than $18.00 per hour (regardless of qualifying health benefits).

50.    Other than her first two weeks in which she was paid $17.00 per hour, Plaintiff always made less than the daily overtime threshold in Nevada.

51.    During her entire employment with Take A Break, Plaintiff was scheduled to work more than 8 hours in a given 24-hour period each and every workweek.

52.    Plaintiff's weekly schedule during her employment with Take A Break was as follows:

| | |
|---|---|
| Tuesday: | 2:30 PM – 9:30 PM |
| Wednesday: | 8:00 AM – 3:00 PM |
| Thursday: | 8:00 AM – 3:00 PM |
| Friday: | 2:30 PM – 9:30 PM |
| Saturday: | 2:30 PM – 9:30 PM |
| Sunday: | 2:30 PM – 9:30 PM |

53.    During a regularly scheduled workweek, therefore, Plaintiff was scheduled to work at least 5.5 hours qualifying for daily overtime.  These daily overtime hours were Plaintiff's scheduled hours from 9:00 AM to 2:30 PM on Wednesdays.

54.    Despite these scheduled daily overtime hours, and despite working these daily overtime hours, Defendants never paid Plaintiff for any daily overtime worked.  The last time this occurred was during the pay period from April 24 to 30, 2023, which was Plaintiff's penultimate workweek.

55.    Furthermore, although Plaintiff was regularly scheduled to work 42 hours per week, and typically worked 40 to 45 hours per workweek, Defendant recorded and paid weekly overtime to Plaintiff only twice during her 56 pay periods of employment for Take A Break.

56.    Defendant thus did not accurately record or pay Plaintiff for all hours that she worked. Defendant systematically underreported and underpaid Plaintiff for all hours that she worked.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

**NEVADA CLASS ACTION ALLEGATIONS**

57.    Plaintiff incorporates and realleges all paragraphs above.

58.    Plaintiff brings this action as a class action on behalf of herself and Nevada Class Members and Nevada Minimum Wage Subclass Members (collectively "the Nevada Class") under Federal Rule of Civil Procedure 23 ("Rule 23").

59.    At all relevant times, Plaintiff and Nevada Class Members were each an "employee" within the meaning of Nevada law. *See* NRS 608.010.

60.    At all relevant times, Take A Break was an "employer" of Plaintiff and Nevada Class Members within the meaning of Nevada law. *See* NRS 608.011.

61.    At all relevant times, Take A Break failed to compensate Plaintiff and Nevada Class Members for all wages, minimum wages, and overtime owed under Nevada law.

62.    At all relevant times, Take A Break maintained policies and practices that systematically deprived Plaintiff and Nevada Class Members of compensation for all hours and overtime hours worked.

63.    At all relevant times, Plaintiff and Nevada Class Members were entitled to compensation for all unpaid wages, unpaid minimum wages, and unpaid overtime.

64.    At all relevant times, Take A Break had actual or constructive knowledge that Plaintiff and Nevada Class Members were not properly compensated for all hours and overtime hours worked.

65.    At all relevant times, Take A Break knew or should have known that Plaintiff and Nevada Class Members were not properly compensated for all hours and overtime hours worked.

66.    Take A Break had a duty –  as well as the financial wherewithal – to compensate Plaintiff and Nevada Class Members for all hours and overtime hours worked but willfully, knowingly, or intentionally failed to do so in order to increase profits, decrease labor costs, or both.

67.    To date, neither Plaintiff nor Nevada Class Members have been paid all wages, minimum wages, or overtime owed by Take A Break for its violations of Nevada law.

68.    Class treatment of Nevada Class Members is appropriate under Rule 23 for the following reasons:

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

A.    ***Numerosity***:    Nevada Class Members are so numerous that joinder would be impractical, and the disposition of their claims on a class (rather than individual) basis will conserve resources of the parties and judicial system.   While the number of Nevada Class Members is unknown at this time, this information can be readily ascertained from the Company's business records.   On information and belief, Take A Break employs, or has employed, over 100 Nevada Class Members during the Nevada Class Period, and over 50 Nevada Minimum Wage Subclass Members during the Nevada Subclass Period.

B.    ***Commonality***:    Common questions of law and fact exist and predominate as to Plaintiff and the Nevada Class, including, but not limited to:

    i.    Whether Defendant failed to pay legally mandated minimum wages under Nevada law;

    ii.    Whether Defendant failed to pay legally mandated daily overtime under Nevada law;

    iii.    Whether Defendant failed to include all Bonus Pay in the regular rate of pay for purposes of paying overtime;

    iv.    Whether Defendant compensated Plaintiff and Nevada Class Members for each hour and overtime hour worked; and

    v.    Whether Plaintiff and Nevada Class Members were paid all wages and overtime due and owing upon separation from employment.

C.    ***Typicality***:    Plaintiff's claims are typical of the claims of the Nevada Class because Plaintiff and Nevada Class Members, and Plaintiff and Nevada Minimum Wage Subclass Members, were subject to the same pay policies and practices of Defendant during the applicable class periods and each of them sustained damages.   Proof of a common or single state of facts will therefore establish the rights of Plaintiff and members of the Nevada Class to recover.

D.    ***Adequacy***:    Plaintiff will fairly and adequately represent the interests of the Nevada Class because Plaintiff has the same legal and factual issues as Nevada Class Members and Nevada Minimum Wage Subclass Members, and has no interests antagonistic to Nevada Class or Subclass Members.   Plaintiff has retained legal counsel competent and experienced in class actions, including labor and employment litigation.    Plaintiff and her counsel are aware of their fiduciary

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

responsibilities to Nevada Class and Subclass Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for the Nevada Class.

E.    ***Superiority***:   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Nevada Class and Subclass Member has been damaged and is entitled to recovery by reason of Defendant's illegal pay policies and practices. Class action treatment will permit a relatively large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense.  In addition, the prosecution of individual lawsuits by each Nevada Class or Subclass Member would present the risk of inconsistent and contradictory judgments, along with the potential for establishing inconsistent standards of conduct for Defendant and other state employers.  Consequently, an important public interest will be served by addressing this matter as a class action.

69.    The Nevada Class includes one additional subclass – the "Waiting Time Subclass" – which is defined as "All Nevada Class Members and Nevada Minimum Wage Subclass Members who are former employees of Take A Break" (collectively "Waiting Time Subclass Members").

70.    Plaintiff reserves the right to modify or redefine "Nevada Class Members," "Nevada Minimum Wage Subclass Members," or "Waiting Time Subclass Members" for purposes of this action and to add subclasses as appropriate based on further investigation, discovery, and theories of liability.

## FLSA COLLECTIVE ACTION ALLEGATIONS

71.    Plaintiff incorporates and realleges all paragraphs above.

72.    Plaintiff also brings this action as a collective action on behalf of herself and FLSA Class Members pursuant to 29 U.S.C. § 216(b).

73.    FLSA Class Members are similarly situated to Plaintiff, and vice versa.

74.    Plaintiff is similarly situated to FLSA Class Members based on the same factors of commonality, typicality, and adequacy enumerated above.  (Note that a showing of numerosity or superiority is not required for collective actions.)

75.    At all relevant times, Plaintiff  and FLSA Class Members were each an "employee"

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

within the meaning of the FLSA.  *See* 29 U.S.C. § 203(e), (g).

76.    At all relevant times, Defendant was an "employer" of Plaintiff and FLSA Class Members within the meaning of the FLSA.  *See* 29 U.S.C. § 203(d), (g).

77.    Plaintiff reserves the right to modify or redefine "FLSA Class Members" for purposes of this action and to add subclasses as appropriate based on further investigation, discovery, and theories of liability.

78.    Pursuant to 29 U.S.C. § 216(b), Plaintiff is filing her consent to sue Take A Break under the FLSA, which is concurrently filed herewith as attached **Exhibit B**.

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime under the FLSA**

**(On Behalf of Plaintiff and FLSA Class Members)**

79.    Plaintiff incorporates and realleges all paragraphs above.

80.    The FLSA provides that "[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C § 207(a)(1).

81.    Here, at all relevant times, Plaintiff and FLSA Class Members were regularly scheduled to work – and did work – 40 hours per week during the FLSA Class Period,

82.    Defendant failed to pay one and one-half times the applicable regular rate of pay for all hours worked over 40 by Plaintiffs and FLSA Class Members during the FLSA Class Period.

83.    Defendant's failure to pay overtime to Plaintiff and FLSA Class Members was and is a willful violation of the FLSA.  Defendant knew or should have known that its failure to include all Bonus Pay in the applicable regular rate of pay was unlawful.

84.    Wherefore, Plaintiff and FLSA Class Members demand payment by Take A Break at one and one-half times their regular rate of pay for all hours worked over 40 hours a week during the FLSA Class Period, plus an additional equal amount as liquidated damages, together with

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

attorney's fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages under Nevada Law

### (On Behalf of Plaintiff and Nevada Class Members)

85.    Plaintiff incorporates and realleges all paragraphs above.

86.    NRS 608.018(1) requires employers to pay overtime at 1½ times an employee's regular wage rate for all hours worked in excess of 40 hours per week.

87.    NRS 608.018(2) provides that "An employer shall pay 1 ½ times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 ½ times the minimum rate set forth in NRS 608.250 works: (a) more than 40 hours in any scheduled week of work [i.e., weekly overtime]; or (b) more than 8 hours in any workday [i.e., daily overtime]."

88.    For purposes of daily overtime, NRS.0126 defines "Workday" as "a period of 24 consecutive hours which begins when the employee begins work."

89.    Here, Plaintiff and Nevada Class Members were regularly scheduled to work – and did work – over 40 hours per week during the Nevada Class Period without being paid overtime for the hours of compensable time over 40.

90.    Plaintiff and Nevada Class Members were also regularly scheduled to work – and did work – over 8 hours in a workday during the Nevada Class Period without being paid overtime for the hours of compensable time over 8 in a period of 24 consecutive hours.

91.    At all relevant times, Defendant also failed to include all Bonus Pay in the applicable regular rate of pay for purposes of paying legally mandated overtime.

92.    Defendant's failure to pay overtime to Plaintiff and Nevada Class Members for all overtime hours worked was and is a willful violation of Nevada law.  Similarly, Defendant knew or should have known that its failure to include all Bonus Pay in the applicable regular rate of pay was unlawful.

93.    Wherefore, Plaintiff and Nevada Class Members demand payment at one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek or over 8 in a

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

workday during the Nevada Class Period together with attorney's fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of NRS 608.260

### (On Behalf of Plaintiff and the Nevada Minimum Wage Subclass)

94.    Plaintiff incorporates and realleges all paragraphs above.

95.    The Nevada Revised Statutes provide that "[i]f any employer pays any employee a lesser amount than the [Nevada] minimum wage…the employee may, at any time within 2 years, bring a civil action against the employer."  NRS 608.260(1).

96.    A prevailing employee "is entitled to all remedies available under the law or in equity appropriate to remedy the violation by the employer which may include, without limitation, back pay, damages, reinstatement or injunctive relief; and…[t]he court must award the employee reasonable attorney's fees and costs."  NRS 608.260(2).

97.    Here, at all relevant times, Defendant failed to pay Plaintiff and Nevada Minimum Wage Subclass Members the legally mandated minimum wages required by NRS 608.260.

98.    Wherefore, Plaintiff and Nevada Minimum Wage Subclass Members demand payment by Defendant at their regular pay rate or the minimum wage rate, whichever is higher, for all hours worked during the Nevada Subclass Period, together with attorney's fees, costs, and interest as provided by law.

### FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages in Violation of Nev. Const. Art. XV § 16

### (On Behalf of Plaintiff and the Nevada Minimum Wage Subclass)

99.    Plaintiff incorporates and realleges all paragraphs above.

100.    The Nevada Constitution also sets forth minimum wage requirements in Nevada, providing that "[a]n employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An

employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."  Nev. Const. Art. XV § 16.

101.    Here, at all relevant times, Defendant failed to pay Plaintiff and Nevada Minimum Wage Subclass Members the legally mandated minimum wages required by Nev. Const. Art. XV § 16.

102.    Wherefore, Plaintiff and Nevada Minimum Wage Subclass Members demand payment by Defendant at their regular pay rate or the minimum wage rate, whichever is higher, for all hours worked during the Nevada Subclass Period, together with attorney's fees, costs, and interest as provided by law.

### FIFTH CAUSE OF ACTION

### Failure to Pay Wages for Each Hour Worked

### (On Behalf of Plaintiff and Nevada Class Members)

103.    Plaintiff incorporates and realleges all paragraphs above.

104.    NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works."

105.    Hours worked means anytime the employer exercises "control or custody" over an employee.  See NRS 608.011 (defining an "employer" as "every person having control or custody of any employment, place of employment or any employee.").

106.    Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."  NAC 608.115(1).

107.    Here, Take A Break failed to pay Plaintiff and Nevada Class Members for all hours worked during and outside their scheduled shift hours.

108.    Defendant did not accurately record or pay Plaintiff and Nevada Class Members for all hours worked.  Rather, Defendant systematically underreported and underpaid Plaintiff and Nevada Class Members for all hours worked.

109.    Wherefore, Plaintiff and Nevada Class Members demand payment by Defendant at their regular hourly rate of pay for each and every hour worked during the Nevada Class Period,

together with attorney's fees, costs, and interest as provided by law.

<u>**SIXTH CAUSE OF ACTION**</u>

<u>**Failure to Pay All Compensation Due at Separation from Employment**</u>

**(On Behalf of Plaintiff and Waiting Time Subclass Members)**

110.    Plaintiff incorporates and realleges all paragraphs above.

111.    Under NRS 608.020, "Whenever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

112.    NRS 608.040(1) further provides that "the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid or for 30 days, whichever is less."

113.    Here, by failing to pay Plaintiff and Waiting Time Subclass Members for all hours and overtime worked as hereinabove provided, Take A Break also failed to timely remit all wages and compensation due and owing to Plaintiff and Waiting Time Subclass Members upon separation from their employment.

114.    Wherefore, Plaintiff and Waiting Time Subclass Members demand up to thirty (30) days wages pursuant to  NRS 608.040 and NRS 608.050, together with attorneys' fees, costs, and interest as provided by law.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE Plaintiff, individually and on behalf of Class Members and all others similarly situated, prays for relief as follows:

1.    For damages, according to proof, of overtime compensation at one and one-half times the regular rate of pay for all hours worked over 40 in a week pursuant to NRS 608.018 or 29 USC § 207;

2.    For up to 30 days of wages, according to proof,  pursuant to NRS 608.040 and NRS 608.050 for Plaintiff and Nevada Class Members separated from employment;

3.    For liquidated (double) damages pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff and FLSA Class Members;



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

4.    For an order certifying this action as a class action under Federal Rule of Civil Procedure 23 on behalf of Nevada Class Members;

5.    For an order conditionally certifying this action as a collective action under the FLSA on behalf of FLSA Class Members;

6.    For an order appointing Plaintiff as class representative and his counsel as class counsel for Nevada Class Members and FLSA Class Members;

7.    For reasonable attorneys' fees authorized by statute, common law, or equity;

8.    For costs of suit incurred herein;

9.    For pre-judgment and post-judgment interest at the maximum legal rate;  and

10.    For such other and further relief as the Court may deem just and proper.

11.    For damages, according to proof, of the regular rate of pay for each and every hour worked pursuant to NRS 608.016;

12.    For damages, according to proof, of overtime compensation at one and one-half times the regular rate of pay for all unpaid hours worked over 40 in a week pursuant to NRS 608.018 or 29 USC § 207;

13.    For up to 30 days of wages, according to proof,  pursuant to NRS 608.040 and NRS 608.050 for Plaintiff and Waiting Time Subclass Members;

14.    For liquidated (double) damages pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff and FLSA Class Members;

15.    For an order certifying this action as a class action under Rule 23 on behalf of Nevada Class Members;

16.    For an order conditionally certifying this action as a collective action under the FLSA on behalf of FLSA Class Members;

17.    For an order appointing Plaintiff as class representatives and her counsel as class counsel for Nevada Class Members and FLSA Class Members;

18.     For reasonable attorneys' fees authorized by statute, common law, or equity;

19.     For costs of suit incurred herein;

20.     For pre-judgment and post-judgment interest at the maximum legal rate;



RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

1        21.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 5, 2025        **RAFII & ASSOCIATES, P.C.**

By:    */s/ Jason Kuller*
JASON KULLER
Of Counsel
*Attorneys for Plaintiff*



# EXHIBIT A

# EXHIBIT A

**\* \* \* Duplicate Pay Stub \* \* \***

Take A Break Travel, Inc.

**Hill, Kimberly**
6881 Tamarus St. Unit #104

Las Vegas                      NV  89119

| | |
|---|---|
| Employee ID: | 65781 |
| Check Number: | 667771 |
| Check Date: | 4/21/2023 |
| Pay Period Start: | 4/10/2023 |
| Pay Period End: | 4/16/2023 |

**\* \* \* V O I D E D \* \* \***

| Code | Description | Pay Rate | Hours | Current Amount | YTD Hours | Year-To-Date Amount |
|---|---|---|---|---|---|---|
| BB | Bounce Back Commision | $ 15.00 | 0.00 | $ 15.00 | 0.00 | 360.00 |
| BB | Bounce Back Commision | $ 15.00 | 0.00 | $ 15.00 | 0.00 | 360.00 |
| COMM | Commissions | $ 340.00 | 0.00 | $ 340.00 | 0.00 | 7,905.00 |
| COMM | Commissions | $ 255.00 | 0.00 | $ 255.00 | 0.00 | 7,905.00 |
| COMM | Commissions | $ 300.00 | 0.00 | $ 300.00 | 0.00 | 7,905.00 |
| COMM | Commissions | $ 60.00 | 0.00 | $ 60.00 | 0.00 | 7,905.00 |
| COMM | Commissions | ($ 15.00) | 0.00 | ($ 15.00) | 0.00 | 7,905.00 |
| COMM | Commissions | ($ 5.00) | 0.00 | ($ 5.00) | 0.00 | 7,905.00 |
| COMM | Commissions | ($ 5.00) | 0.00 | ($ 5.00) | 0.00 | 7,905.00 |
| HRLY | Hourly | $ 8.75 | 16.25 | $ 142.19 | 557.50 | 4,878.16 |
| HRLY | Hourly | $ 8.75 | 14.00 | $ 122.50 | 557.50 | 4,878.16 |
| HRLY | Hourly | $ 8.75 | 9.75 | $ 85.31 | 557.50 | 4,878.16 |
| OT | Overtime | $ 24.55 | 2.00 | $ 49.10 | 2.00 | 49.10 |
| TOURSL | Tour Sales Commissions | $ 6.90 | 0.00 | $ 6.90 | 0.00 | 6.90 |
| **GROSS PAY** | | | | **$ 1,366.00** | | **} 13,603.52** |
| | | | | | | |
| PDENEO | Dental Base Employee Only | | | $ 4.48 | | 71.68 |
| TAG | Name Tag | | | $ 0.00 | | 12.50 |
| **TOTAL DEDUCTIONS** | | | | **$ 4.48** | | **$ 84.18** |
| | | | | | | |
| | Federal Tax | | | $ 73.77 | | 201.65 |
| | FICA Social Security Tax | | | $ 84.41 | | 838.97 |
| | FICA Medicare Tax | | | $ 19.74 | | 196.21 |
| **TAXES WITHHELD** | | | | **$ 177.92** | | **$ 1,236.83** |
| | | | | | | |
| **NET PAY** | | | | **$ 1,183.60** | | **} 12,282.51** |

| Direct Deposit Information | | | Time Off Balance | Hours |
|---|---|---|---|---|
| Bank | Account | Amount | Vacation Balance | 0.00 |
| | | | Sick Balance | 0.00 |

# EXHIBIT B

# EXHIBIT B

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

Print Name: ___Kimberly hill_____

1. I hereby consent to be a party plaintiff in a collective action lawsuit against **Take a Break Travel, LLC** and/or any other named defendants ("Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. I understand this lawsuit seeks to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees, costs, and other relief available pursuant to the FLSA.

3. I designate the law firm of RAFII & ASSOCIATES, P.C., and any other attorneys with whom they may associate, as my attorneys in this lawsuit to prosecute my FLSA and related claims.

4. I understand I have the right to pursue my claims individually on my own behalf. I agree to serve as the Class Representative if the Court so approves. If someone else serves as Class Representative, then I designate such Class Representative(s) as my agents to make decisions on my behalf concerning the litigation and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at RAFII & ASSOCIATES, P.C., to use this consent to file my claims in a separate lawsuit, class/collective action, or arbitration against Defendants.

Signature: ___*Kimberly hill*_____    Date: ___5/5/2025_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date shown file stamped above, I served a true and correct copy of the foregoing pleading on all registered parties with the Court's electronic filing system.

<u>/s/ Jason Kuller</u>
Jason Kuller
Of Counsel
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Tel:  (725) 245-6056
Fax: (725) 220-1802
jason@rafiilaw.com