Jason Kuller, NV Bar No. 12244
Rachel Mariner, NV Bar No. 16728
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
Phone: 725.245.6056
Fax: 725.220.1802
jason@rafiilaw.com
rachel@rafiilaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY HILL, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAKE A BREAK TRAVEL, LLC, a foreign limited liability company, and DOES 1-50, inclusive,<br><br>Defendants | Case No. 2:25-cv-00788-GMN-DJA<br><br>**JOINT STIPULATION TO STAY DISCOVERY AND CASE DEADLINES PENDING DEFENDANTS' MOTION TO DISMISS [ECF NO. 12]**<br><br>**(FIRST REQUEST)** |

Plaintiff Kimberly Hill, on behalf of herself and all others similarly situated ("Plaintiff"), and Defendant Take A Break Travel, LLC ("Defendants") (collectively the "Parties"), by and through her undersigned counsel, hereby stipulate and agree to stay all discovery and case deadlines pending resolution of Defendants' Motion to Dismiss (ECF No. 12) ("Dismissal Motion" or "Motion").  This Joint Stipulation is made and entered into based on the following terms, conditions, and understandings:

1.    Plaintiff's First Amended Complaint (ECF No. 4) ("FAC") was filed on May 7, 2025. Defendants' Dismissal Motion (ECF No. 12) was filed on July 1, 2025.  Plaintiff's response (ECF No. 14) was filed on July 23, 2025, and Defendant's reply (ECF No. 15) was filed on July 23, 2025.

1

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

2.      Plaintiff's response was originally due to be filed on July 16, 2025, but due to the onset of a recurring and disabling health condition, Plaintiff's counsel was unable to complete the response until July 23, 2025.  Plaintiff has filed an Unopposed Motion to Extend Time to permit the late filing, which is unopposed by Defendants.  *See* ECF No. 16.

3.      Due to the health issues of Plaintiff's counsel and other scheduling conflicts, the Parties were unable to hold their Rule 26(f) conference until August 15, 2025.  Plaintiff prepared a draft Discovery Plan and Scheduling Order ("DPSO") for the Parties to discuss.

4.      At the Rule 26(f) conference, the Parties immediately encountered the issue of Defendant's pending Dismissal Motion and Plaintiff's imminent motion for conditional certification on her FLSA collective action claims.  This led the Parties to discuss the best way to proceed with this litigation to maximize judicial efficiency, conserve party resources, and minimize potential prejudice.  For the first time, the Parties discussed staying discovery and case deadlines pending resolution of Defendant's Dismissal Motion.  The Parties also discussed tolling the claims of Plaintiff and putative class or collective action members (collectively "Putative Members") during the pendency of the Motion.

5.      Pursuant to this Joint Stipulation, the Parties desire to avoid the time and expense of negotiating and observing discovery deadlines, including filing a comprehensive DPSO, before the pleadings and parties are resolved by Defendants' pending Dismissal Motion.  Submission of a DPSO to commence discovery before the parties and pleadings are resolved would cause unnecessary expense to the Parties, particularly because this is a class and collective action that may crowd the Court's docket with potentially unnecessary discovery disputes and motion practice, including Plaintiff's motion to circulate notice pursuant to 29 U.S.C. § 216(b) – *i.e.*, motion for FLSA conditional certification.

6.      Consistent with the foregoing, the Parties agree they will be in a better position to discuss the necessary scope of discovery that will be needed, as well as the amount of time necessary for both sides to gather evidence, after Defendants' pending Dismissal Motion is resolved.

7.      It is well recognized that "[c]ourts have broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-CV-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul.

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

6, 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)).  In exercising such discretion, "courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id*.; *see also* Fed. R. Civ. P. 1.  The Parties agree that good cause exists to stay discovery and all case deadlines between Plaintiff and Defendants since resolution of the pending Dismissal Motion may dispose of Plaintiff's claims against Defendants or otherwise require amending Plaintiff's claims, including Plaintiff's class or collective claims.  *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024).

8.      Depending on how the Court rules on the Dismissal Motion, within 21 days following the Court's ruling, Plaintiff and Defendants agree to hold an additional Rule 26(f) conference and file their proposed DPSO or other agreement with the Court.

9.      In addition, to facilitate and effectuate a stay of discovery and case deadlines, the Parties agree to toll any applicable statute of limitations for all claims and causes of action asserted in this action on behalf of Plaintiff and Putative Members from the filing date of this Joint Stipulation until fourteen (14) days following the date on which the Court rules on the Dismissal Motion.  This tolling agreement may be memorialized or amended by a separate writing between the Parties, whose terms shall control over this Joint Stipulation.  This tolling agreement is not applicable to the arguments contained in the pending motion to dismiss and are further not a waiver of any limitation arguments that may apply outside the timeframe of this tolling agreement.

10.    This is the Parties' first request for a stay of discovery and case deadlines as hereinabove provided.

11.    This request is made in good faith and not for the purpose of delay.

12.    The Parties agree that they are not waiving, relinquishing, or otherwise impairing any claim, defense, or other right they may have by virtue of entering into this Joint Stipulation.

**THEREFORE, IT IS HEREBY STIPULATED by and between the Parties as follows:**

1.      All discovery and case deadlines between the Parties shall be stayed until the Court rules on Defendants' pending Dismissal Motion;

**JOINT STIPULATION TO STAY DISCOVERY AND CASE DEADLINES (FIRST REQUEST)**

RAFII & ASSOCIATES, P.C.
EXCELLENCE | COMMITMENT | RESULTS

2.    Depending on the Court's ruling, the Parties will conduct an additional Rule 26(f) conference and file their proposed DPSO (or other agreement) with the Court within 21 days following the Court's ruling on the Dismissal Motion; and

3.    The claims of Plaintiff and each of the Putative Members shall be tolled as hereinabove provided.

Dated this 25th day of August, 2025.

RAFII & ASSOCIATES, P.C.                    COOK & KELESIS, LTD.

*/s/ Jason Kuller*                          */s/ Marc P. Cook* (w/permission)
Jason Kuller, NV Bar No. 1224               Marc P. Cook, NV Bar No. 4574
1120 N. Town Center Drive, Ste. 130         517 South Ninth Street
Las Vegas, Nevada 89144                     Las Vegas, NV 89101
*Attorneys for Plaintiff*                    *Attorneys for Defendants*

**ORDER**

**IT IS SO ORDERED.**

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: 8/26/2025



**RAFII & ASSOCIATES, P.C.**
EXCELLENCE | COMMITMENT | RESULTS

4

**JOINT STIPULATION TO STAY DISCOVERY AND CASE DEADLINES (FIRST REQUEST)**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date shown file stamped above, I served a true and correct copy of the foregoing pleading on all registered parties with the Court's electronic filing system.

 /s/ Jason Kuller
Jason Kuller
Of Counsel
RAFII & ASSOCIATES, P.C.
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Tel:  (725) 245-6056
Fax: (725) 220-1802
jason@rafiilaw.com